SUPERIOR COURT
OF THE

CRAIG A. KARSNITZ                                          1 The Circle, Suite 2
RESIDENT JUDGE                                         GEORGETOWN, DE 19947

March 23, 2022

Traevon Dixon
SBI #656483
Unit 18-AL-6
James T. Vaughan Correctional Center
1181 Paddock Road
Smyrna, DE 19977

Stephanie Tsantes, Esquire
Office of Conflicts Counsel
116 West Market Street
Georgetown, DE   19947

Kevin Gardner, Esquire
Deputy Attorney General
Department of Justice
13 The Circle
Georgetown, DE 19947

> Re:    *State of Delaware v. Traevon Dixon*
>         Def. ID# 1809015332
>         Motion for Postconviction Relief (R-1)
>         Motion for Appointment of Postconviction Counsel

Dear Mr. Dixon and Counsel:

On March 7, 2022, Traevon Dixon ("Dixon" or "Movant") filed his Motion

for the Appointment of Postconviction Counsel (the "PCC Motion") and on March

9, 2022, Movant filed his first *pro se* Motion for Postconviction Relief (the "Rule 61

Motion") in connection with the above-referenced case. This is my decision on both Motions.

On September 24, 2019, I accepted Movant's guilty pleas to two charges: Murder in the Second Degree ("Murder") and Possession of a Firearm during the Commission of a Felony ("PFDCF"). On February 26, 2020, on the Murder charge I sentenced Movant to thirty (30) years of incarceration at Level 5, with credit for 516 days already served, suspended after fifteen (15) years for six (6) months at Level 4 Work Release, followed by six (6) months at Level 4 Home Confinement, followed by two (2) years at Level 3 probation. That same day, on the PFDCF charge I sentenced Movant to incarceration for five (5) years at Level 5, with no probation to follow.

Movant did not take a direct appeal to the Delaware Supreme Court, and has filed no other motions or petitions seeking relief from the judgment in state or federal court.

**PCC Motion**

Rule 61 provides that I *shall* appoint postconviction counsel for Movant for his first timely Rule 61 Motion if it seeks to set aside, *inter alia*, a judgment of conviction after a trial that has been affirmed by final order upon direct appellate review and is for a crime designated as a class A, B, or C felony under 11 Del. C.

§4205(b).[1] In this case, although this is Movant's first Rule 61 Motion, it is not timely (see discussion below) and there was no trial affirmed by direct appellate review, notwithstanding the class of the felony. Thus, I am not obligated to appoint postconviction counsel for Movant.

Rule 61 further provides that I *may* appoint counsel for Movant for his first timely Rule 61 Motion if it seeks to set aside a judgment of conviction that resulted from a guilty plea (as in this case) only if I determine that: (i) the conviction has been affirmed by final order upon direct appellate review; (ii) the Rule 61 Motion sets forth a substantial claim that Movant received ineffective assistance of his trial counsel in relation to his guilty plea; (iii) granting the Rule 61 Motion would result in vacatur of the judgment of conviction for which Movant is in custody; and (iv) specific exceptional circumstances warrant the appointment of postconviction counsel.[2] In this case, although this is Movant's first Rule 61 Motion, it is not timely (see discussion below), there was no direct appellate review, Movant's claims about the ineffective assistance of his trial counsel are insubstantial, and there are no other exceptional circumstances that warrant the appointment of postconviction counsel. The Motion to Appoint Postconviction Counsel is **DENIED**.

---

[1] Super. Ct. Crim. R. 61(e)(2)(i).
[2] Super. Ct. Crim. R. 61(e)(3).

**Rule 61 Motion**

Before addressing the merits of the Rule 61 Motion, I first address the four procedural bars of Superior Court Criminal Rule 61(i).[3] If a procedural bar exists, as a general rule I will not address the merits of the postconviction claim.[4] Under the Delaware Superior Court Rules of Criminal Procedure, a motion for post-conviction relief can be barred for time limitations, successive motions, procedural default, or former adjudication.[5]

First, a motion for postconviction relief exceeds time limitations if it is filed more than one year after the conviction becomes final, or if it asserts a retroactively applicable right that is newly recognized after the judgment of conviction is final, more than one year after the right was first recognized by the Supreme Court of Delaware or the United States Supreme Court.[6] In this case, Movant's conviction became final for purposes of Rule 61 thirty (30) days after I imposed sentence on February 26, 2020, because he did not file a direct appeal.[7] Movant filed his *pro se* Rule 61 Motion on March 7, 2022, well beyond the one-year period. The Rule 61

---

[3] *Ayers v. State*, 802 A.2d 278, 281 (Del.2002) (citing *Younger v. State*, 580 A.2d 552, 554 (Del. 1990).

[4] *Bradley v. State*, 135 A.3d 748 (Del 2016); *State v. Page*, 2009 WL 1141738, at*13 (Del. Super. April 28, 2009).

[5] Super. Ct. Crim. R. 61(i).

[6] Super. Ct. Crim. R. 61(i)(1).

[7] Super. Ct. Crim. R. 61(m)(1).

Motion does not assert a retroactively applicable right that is newly recognized after the judgment of conviction is final, more than one year after the right was first recognized by the Supreme Court of Delaware or the United States Supreme Court. Therefore, consideration of the Rule 61 Motion is procedurally barred by the one-year limitation.

I need not consider the other three procedural bars under Rule 61 since the Rule 61 Motion is untimely.

The four procedural bars to do not apply either to a claim that the Court lacked jurisdiction or to a claim that pleads with particularity that new evidence exists that creates a strong inference of actual innocence,[8] or that a new retroactively applied rule of constitutional law renders the conviction invalid.[9] Movant asserts no such claims.

Since the Rule 61 Motion is procedurally barred, it is **DENIED**.

**IT IS SO ORDERED**.

Very truly yours,

_____
/s/Craig A. Karsnitz, Resident Judge

cc:    Prothonotary

---

[8] Super. Ct. Crim. R. 61(i)(5).
[9] Super. Ct. Crim. R. 61(d)(2)(i) and (ii).

5